IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 25-mj-148-amb

CHRISTIAN ERAZO VALDEZ,

Defendant.

---

**GOVERNMENT'S PETITION FOR THE PROCEEDINGS TO BE CONDUCTED BY A DISTRICT JUDGE**

---

The United States of America, by Chadwick M. Elgersma, United States Attorney for the Western District of Wisconsin, by William M. Levins, Assistant United States Attorney for that district, hereby petitions pursuant to 18 U.S.C. § 3401(f), that given the novel and complex constitutional questions presented, the proceedings in the case be conducted before a district court judge. The government recently filed a similar petition to transfer in a related case, which is presently under consideration of the district court. (*See United States v. Tejeda Murillo*, Case No. 26-mj-0004 (W.D. Wis), at Dkts. 33, 41). The same reasons that exist in *Tejeda Murillo* support the transfer of proceedings in this case to a district judge.

## PROCEDURAL HISTORY

In October 2025, the government charged the defendant via a criminal information with unlawful voting as a noncitizen, in violation of 18 U.S.C. § 611. (Dkt. 2). In November 2025, the defendant consented to proceed before a magistrate judge in this case. (Dkt. 8). In March 2026, the defendant filed a motion to dismiss the case, arguing that § 611 is unconstitutional. (Dkt. 19, 20). Identical briefing has proceeded in a *Tejeda Murillo*, with both parties agreeing that the result in *Tejeda Murillo* will inform the result in this case. (Dkt. 28). The Magistrate Judge also acknowledged similar cases in other districts, including where Attorney Paul Clement was recruited as *amicus curiae* to provide a more fulsome background and analysis of the statute's constitutionality. (*Tejeda Murillo*, Dkt. 26 at n.1); *see also United States v. Cox*, 25-cr-60249 (S.D. Fla.).[1] The government filed a petition to transfer *Tejeda Murillo* to a district judge, which is presently under consideration by the district court. (*Tejeda Murillo*, Dkt. 33, 41).

## ARGUMENT

The defendant has a right to a jury trial, judgment, and sentencing before a district judge, unless the defendant consents to a trial, judgment, and sentencing before a magistrate judge, which he has done. Fed. R. Crim. P. 58(E)(ii); (Dkt. 23). Regardless, the district court may order that proceedings in any misdemeanor case be conducted before a district judge rather than the magistrate judge upon the court's own motion

---

[1] The Clement Brief was filed in *Tejeda Murillo* as supplemental authority and both parties were given the opportunity to respond to its arguments. *Cox*, as well other identical challenges to § 611 in that district, are before district judges. *See United States v. Renaud*, 26-cr-20128 (S.D. Fla.) and *United States v. Sylvestre*, 26-cr-20081 (S.D. Fla.).

or, for good cause shown, upon petition by the attorney for the government. 18 U.S.C. § 3401(f). Considerations include "the novelty, importance, or complexity of the case…" *Id.* On balance, good cause exists to transfer this case to a district judge.

Like in *Tejeda Murillo,* the defendant's constitutional challenge clearly raises novel, important, and complex arguments. While similar challenges are also pending in other districts, the motion raises an issue of first impression: whether 18 U.S.C. § 611 is a violation of the Voter Qualification clauses. *See* U.S. Const. art. I, § 2, cl. 1; *see also id.,* amend. XVII. The importance of the challenge is also clearly evident since it implicates Congress' power to regulate both immigration and the integrity of federal elections nationwide. Transfer would promote judicial economy because any appeal to the Seventh Circuit would require a decision from a district court judge. *See* 28 U.S.C. §§ 3402 and 3731; *United States v. Smith,* 992 F.2d 98, 99 (7th Cir. 1993) ("Accordingly, one convicted of a misdemeanor conviction before a magistrate judge must first appeal to the district court before she may seek review here. Absent that intermediate step, we lack jurisdiction to hear the appeal."). Like in *Tejeda Murillo*, good cause exists to transfer the case to a district judge.

## CONCLUSION

For these reasons, the government respectfully requests that the defendant's case be transferred to a district judge for all proceedings.

Dated this 28th day of August, 2026.

Respectfully submitted,

CHADWICK M. ELGERSMA
United States Attorney

By: /s/________________________
WILLIAM M. LEVINS
Assistant United States Attorney
222 West Washington Ave., Suite 700
Madison, Wisconsin 53703
(608) 264-5158
William.levins@usdoj.gov